In The District Court Of The
United States For The Middle District Of
Alabama Southern Division

Jason J. McDonnell,
  Plaintiff,

Vs.

Jail Commander McCarty
  et al.,
  Defendants.

Civil Action No.
1:06-CV-347-MEF

## Motion For Amendment To Complaint

Comes Now Plaintiff, Jason J. McDonnell, prose, In The Above Styled Case An Cause, Asking The Court To Amend The Original Complaint Filed In This Civil Action.

__Ground One:__ On March 26, 2006 a violation of my Due Process occured because I was not afforded my right to a 72 hr. first appearance as per Rule 4.3 of Alabama Rules of Criminal Procedure.

__Supporting Facts:__ On March 23, 2006, Said Plaintiff was arrested on #2 Alias warrants, Exhibit B & D, by Houston Sheriff, A. Nowell, ID #3820, and placed in the custody of Houston County Jail, and Plaintiff remains in custody and still has not be provided his Due Process.

__Ground Two:__ Defendants, Commander McCarty & Sgt. Davis fail to up hold the law and violated my Due Process rights by doing nothing when, Said Plaintiff notified the Defendants of the violation that occured at said time.

(1)

<u>Supporting Facts:</u> On April 9th, 2006, Said Plaintiff filed a "Request Form", addressed to Defendant Davis, who is in charge of the records department, notifying Defendant of the violation of Said Plaintiffs Due Process. Which Defendant Davis failed to respond to, so Plaintiff went up the chain of command straight to Defendant McCarty, who is in charge of the jail, and Plaintiff filed a "Inmate Greivance" with Defendant McCarty on the 11th of April, 2006; letting Defendant McCarty know that Plaintiff's Due Process had been violated. Wherefore, Defendant McCarty responded by telling the Plaintiff to contact his attorney, Shaun McGhee, and that said Plaintiff had a first appearance in 2004. Plaintiff McDonnell never had a first appearance in 2004, Due Process that occurred in 2004 has nothing to do with the current "Warranted" arrest which occurred on March 23, 2006. The Alabama Rules of Criminal Procedure, Rule 4.3, clearly state that upon a warranted arrest Plaintiff had a right to a first appearance within 72 hrs., And if this right is not or was not granted then Plaintiff has the right to an "appearance bond" set at the minimum amount allowed by law. Exhibit "B & D", clearly show that two warrants were issued for Plaintiffs arrest on March 14, 2006; Therefore Exhibit "C" clearly shows that Plaintiff was arrested on these new warrants, and the type of arrest was a warranted arrest, entitling said Plaintiff to Due Process and a "New" 72 hr. hearing guranteed by the Law.

(2)

Ground Three: Alabama Rules of Criminal Procedure, Rule 4.3, goes on farther to state that Plaintiff is entitled to Due Process and 72 hr. hearing on a "Rearrest."

Supporting Facts: Plaintiff's "Notice Of Order Of Conditional Bond Forfeiture And To Show Cause On Forfeiture Of Bond" issued by Houston County, Clerk Of Court, Judy Byrd, on March 14, 2006, along with Warrants Exhibit "B & D" clearly states that the court has also ordered that the Plaintiff be "Rearrested" in the original case.

Ground Four: The reason the Defendants are violating the Plaintiffs right to Due Process is because of an Illegal administrative order manipulating & violating State Law & Alabama Rules Of Criminal Procedure issued by, Judge Lawson Little, which is Exhibit A.

Supporting Facts: Finally, An illegal, unlawful administrative order not pertaining to said Plaintiff was issued by, Judge Lawson Little on March 14, 2006, causing jail employees to violate Plaintiff's Due Process. Said administrative order has nothing to do with State Law or Alabama Rules of Criminal Procedure, and said administrative order is an illegal manipulation and change of state law, Judges are suppose to "Interpet" law not to make, change, and munipulate law.

## What The Plaintiff Would Like The Court To Do:

1). See' to it that the Plaintiff's right to Due Process is granted.

2). See to it that the Plaintiff receives an Apperance bond that he is entitled to by law.

3). See to it that Houston County does not get away with withholding, disregarding, and ignoring people's constitutional & civil rights.

4). For the court to see to it that someone is held accountable for the violation of the Plaintiff's constitutional and civil rights.

5). For the court to set this matter for Hearing.

6). For the court to apoint the Plaintiff legal council in this matter.

Respectfully Submitted this 13th day of June, 2006.

Jason M<sup>c</sup>Donell
Jason J. McDonell
901 East Main St.
Dothan, Al. 36301

## Certificate Of Service

I do hereby certify that I have served a copy of the foregoing "Except" A, B, C, D, because I have no way to obtain true copies at this time and Defendants counsel already has these copies of Exhibit, A, B, C, D. to Gary C. Sherrer, 335 W. Main St., Dothan, Al. 36301 on this 13 day of June, 2006 through the U.S. mail.

Jason McDonell
Jason McDonell

Witness By: Brian A. Jackson
Brian A. Jackson  6-11-06