In The District Court of The United States
For The Middle District of Alabama
Southern Division

Jason J. McDonnell
    Plaintiff,

V.

Jail Commander McCarty, et al.,
    Defendants.

Civil Action Number: 1:06-CV-347-MEF

## Response to Supplemental Special Report

Comes now, Jason J. McDonnell, Plaintiff, in the above-styled cause, pursuant to this Courts order on motion requiring a response to defendant's Supplemental Special Report & answer, states as follows:

1. As to paragraph 1 of defendant's Supplemental Special Report, Plaintiff asserts at this time that the defendants knowingly and willingly violated Plaintiff's clearly established constitutional guaranteed right to due process of of law by detaining plaintiff without due process of law as per the fourth, fifth, sixth, eighth, thirteenth, and fourteenth amendments of the United States constitution and failed to remedy wrong after learning of it.

2. As to paragraph 2 of defendant's Supplemental Special Report, Plaintiff asserts that not only did defendants violate clearly established federal law, the defendants violated clearly established state law as well, as per Art. I § 6 and 13, and Art. I § 5, and Section 13 of the constitution of Alabama 1901, And the A.R.Cr.P. 1.2, 4.3(a)(1)(iii), and 7.5a, which also

(1)

guaranteed plaintiff's rights to due process of law, and failed to remedy wrong after learning of it.

3. As to paragraph 3 of defendants Supplemental Special Report, Plaintiff asserts that said administrative order is a direct violation of Plaintiff's clearly established guaranteed federal constitutional right to due process. Plaintiff also reasserts that said order is also a violation of Plaintiff's clearly established state constitutionally guaranteed right to due process. Plaintiff asserts that there must be some type of hearing within seventy-two hours of arrest in order to hold someone.

There is a direct link between the administrative order, defendants, and said constitutional deprivations, order is cause of deliberate indifference to Plaintiff's constitutionally guaranteed rights, order is the moving force behind the defendants committing said deprivations. Rodriguez v. City of Milwaukee, E.D. Wis. 1997, 957 F. Supp. 1055.

5. As of paragraph 5 of defendant's Supplemental Special Report, Plaintiff asserts at this time that prior to filing of this Complaint he was unaware of said State remedies.

In general, exhaustion of state remedies is not a prerequisite to action under § 1983, Heck v. Humphrey, U.S. Ind. 1994, 114 S. Ct. 2364.

Text of § 1983 purports to create damages remedy against every State official for violation of any person's federally guaranteed constitutional or statutory rights. Kalina v. Fletcher, U.S. Wash. 1997, 118 S. Ct. 502.

4. As to paragraph 4 of defendant's Supplemental Special Report, defendants reassert defenses contained in original Special report. The Plaintiff's response is as follows:

1. As to paragraph 1 of the defendant's original special report, Plaintiff asserts that his constitutionally guaranteed rights have been violated because the defendants failed to give me a hearing within (72) hours of my arrest and rearrest. Plaintiff asserts that the defendants being of culpable state of mind, knowingly and willingly breached a duty owed to the Plaintiff by failing to insure plaintiff's liberty interest protected by the federal constitution, without due process, Plaintiff was deprived of said interest. Cespeds V. Cauhlin, S.D.N.Y. 1997, 956 F.Supp. 454.

2. As of paragraph 2 of defendant's original special report, Plaintiff asserts that conduct committed by defendants deprived Plaintiff of rights, privileges, and immunities secured by the federal constitution, defendant's acts were proximate cause of injuries and consequent damages sustained by Plaintiff. Cornish V. Pupis, C.D. Ill. 1997, 962 F. Supp. 1103.

3. As to paragraph 3 of defendant's original special report, Plaintiff asserts that his federal & statutory constitutionally guaranteed rights have been violated and has strict proof thereof; under the 4th, 5th, 6th, 8th, 13th, & 14th amendments of the United States constitution, Art. I § 6 and 13, Art. 1 § 5, and Section 13 of the Constitution of Alabama 1901, And the A.R.Cr.P 1.2, 4.3(a)(1)(ii) and 7.5(a) Plaintiff has a guaranteed right to due process of law in the form of a (72) hour hearing after arrest & rearrest which the defendants failed to give Plaintiff.

(3)

4. As to paragraph 4 of defendant's original Special report, Plaintiff asserts that his constitutionally guaranteed rights have been violated by the defendants due to the defendants having a special duty owed to the plaintiff to insure his rights to a hearing within (72) hours of arrest and rearrest, and the defendants knowingly & willingly, with deliberate indifference, violated this special duty owed to the plaintiff, defendants failed to give Plaintiff a hearing within (72)hrs, failed to remedy wrong after learning of it, and continue and still fail to remedy the deprivation, causing plaintiff to be unlawfully detained without due process of law as required by the federal constitution.

5. As to paragraph 5 of defendant's original Special report, Plaintiff asserts he has a federally protected right to be free from unlawful detention resulting in significant restraint of liberty, violation of such right is grounds for suit under § 1983, detention is unlawful if it accomplished without due process of law as required by the Constitution. Stevenson V. Culberson County, W.D. Tex 1996, 925 F. Supp. 478.

6. As of paragraph 6 of defendant's original Special report, Plaintiff asserts that defendants knowingly & willingly denied Plaintiff liberty and violated Plaintiff's federally guaranteed right to due process of law, defendants knowingly violated laws & rights of Plaintiff, failed to remedy wrong after learning of violation and allowed deprivation to continue, acted in subjective good faith in total disregard of Plaintiff's clearly established constitutionally guaranteed rights. This serious deprivation

(4)

of fairplay and adequate Justice and deliberate conscious indifference to Plaintiff's clearly established guaranteed rights has inflicted unnecessary wanton pain & suffering, sorrow, mental & emotional distress, Personal anguish, nervousness, Paranoia, inability to sleep, nightmares, cold sweats, vomiting, nausea, fear, worry, discomfort, unrest, shame, embarrassment, inconvenience, lost wages, and substantial hardship. The defendant's actions & inactions, causing deprivation, and failing to remedy deprivation after learning of it, and allowing deprivation to continue has caused the plaintiff irreparable injury, substantial damage to Plaintiff's reputation, significantly limited Plaintiff's associational and future employment opportunities, and substantially impaired Plaintiff's ability to pursue his career and provide for his family, the defendant's total disregard for Plaintiff's clearly established guaranteed federal & statutory rights has caused the plaintiff to languish in jail for months under extreme emotional & mental distress and extremely oppressive pretrial incarceration, entitling plaintiff to relief, damages, and reward under § 1983.

### Response to Affirmative & Additional Defenses

### Response to First Defense

Three types of § 1983 claims exist under due process clause of 14th amendment; ① claim for violation of specific right protected by the bill of rights and incorporated by due process clause; ② claim under substantive component of due process clause that bars certain arbitrary, wrongful government actions regardless of

(5)

Fairness of procedures used to implement them; and ③ procedural due process claim involving deprivation of life, liberty, or property without due process of law. Jones V. Dane County, Wis. App. 1995, 537 N.W. 2d 74.

   Plaintiff complied with the requirements of Subdivision (a) where complaint gave defendants fair notice of the Plaintiff's claim and the grounds upon which it would rest, and there were conceivable facts which, if proven to the reasonable satisfaction of the trier of facts, would entitle the plaintiff to relief under § 6-6-680(7) and § 1983. Beavers V. Hadden 528 So. 2d 333 (Ala. Civ. App. 1988).

### Response to Second defense

Plaintiff asserts that he has alleged and proven that defendants knowingly abridged his definite liberty interest without appropriate due process. ISC Distributors, Inc. V. Trevor, Mont. 1995, 903 P 2d 170

   No justification can be shown under general denial. Thanton V. Dwight Mfg. Co. 120 Ala. 653, 25 So 22 (1899); B'ham Waterworks Co. V. Vintar, 164 Ala. 490 51 So. 356 (1910).

### Response to Third defense

"It is the Courts duty to grant the relief to which the prevailing party is entitled, whether demanded or not." Gins V. Mauser Plumbing Supply Co., 148 F 2d 974 (2d Cr. 1945)

   Plaintiff asserts at this time he is entitled to relief for said violations of due process, and at this time the Plaintiff request any and all relief, reward, or damages he is entitled to by law for injuries & damages caused by the violations of due process.

(F)

### Response to fourth Defense

Defendant's conduct deprived plaintiff of rights secured by the federal constitution, defendant's acts were proximate cause of injuries and consequent damages sustained by Plaintiff. Cornish V. Paris C.D. Ill. 1997, 962 F. Supp. 1103.

### Response to fifth defense

Plaintiff asserts that his injuries & damages are a direct result of defendant's actions & inactions, after learning of violation, defendants, who had total control of circumstances, failed to remedy the deprivation.

### Response to Sixth Defense

Plaintiff asserts at this time that allegations are sufficient to envoke the jurisdiction of the court, supported by fact & law. Defendants acted in Subjective good faith with total disregard for plaintiffs clearly established guaranteed constitutional rights. D.C. Ala, 1976.

### Response to Seventh Defense

Official is considered to be personally involved for purposes of liability under § 1983 in individual capacity: If he participates directly in constitutional deprivation; If he acts or fails to act with reckless disregard of Plaintiff's constitutional rights; or If conduct that deprived Plaintiff's constitutional rights occurred at his direction or with his knowledge and consent. Lie V. Tippecanoe county Jail, N.D. Ind. 1992, 844 F. Supp. 1301.

Plaintiff has demonstrated under § 1983 that defendants caused constitutional deprivation acting and failing to act in their Individual capacity. Gardner V. Wilson, C.D. Cal. 1997, 959 F. Supp. 1224.

(7)

### Response to Eighth Defense

Defendants, after learning of violation, failed to remedy the wrong and can not escape liability by denying personal involvement. Wright V. Smith C.A. 2 (N.Y.) 1994, 21 F. 3d 496.

No Justification can be shown under general denial. Birmingham Water Works Co. V. Vinter, 164 Ala. 490 51 SO. 356 (1910).

### Response to Ninth Defense

Court possesses original jurisdiction over § 1983 claims against State officials in their individual capacities; official sued in his individual capacity is not cloaked in States 11th amendment protection, and can be liable "person" under § 1983. Flores V. long, D.N.M. 1995, 926 F. Supp. 166

State immunities & defenses are irrelevant in litigation under § 1983. Payton V. City of Detroit, Mich, App. 1995 536 N.W. 2d 233.

### Response to Tenth Defense

Purpose of § 1983 action is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights. Reuben H. Donnelley Corp. V. Brauer, Ill. App. 1 dist. 1995, 655 N.E. 2d 1162

Text of § 1983 purports to create damages remedy against every state official for violation of any person's federal constitutional or statutory rights. Kalina V. Fletcher, U.S. Wash. 1997, 118 S. Ct. 502

### Response to Eleventh Defense

Defendants are not entitled to qualified immunity if they violated clearly established statutory or constitutional rights of which a reasonable person would have known. Conn V. Gabbert, U.S. Cal. 1999, 119 S. Ct. 1292.

Substantive immunity is not a jurisdictional bar to a suit against a state employee or official in his or her individual capacity. State Bd. of Adjustment V. St. Dept. of Mental Health, 581 So 2d 48. (Ala. Civ. App. 1991)

(8)

State law that immunizes conduct otherwise subject to suit under §1983 is preempted by the Supremacy clause of the federal constitution. Silva V. University of New Hampshire, D.N.H. 1994, 888 F. Supp. 293.

Absolute immunity granted by the Alabama Constitution to State officials in their official capacities did not provide them absolute immunity from suit brought by Plaintiff under §1983 for deprivation of federally guaranteed rights. Williams V. Alabama State University, M.D. Ala. 1994, 865 F. Supp. 789.

Defendants are not entitled to immunity, when they are acting either illegally, fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of law, or when the suit seeks to compel the performance of a legal duty or a ministerial act or to enjoin the enforcement of an unconstitutional law. Town of Loxley V. Coleman, 720 So. 2d. 907 (Ala. 1998)

### Response to Twelfth defense

Section 1983 was enacted to override certain kinds of State laws, to provide remedy where State remedy, though adequate in theory, was not available in practice, and to provide remedy in federal court supplementary to any State remedy. Davis V. Hodgins, E.D. Va. 1995, 896 F. Supp. 561

In general, exhaustion of state remedies is not prerequisite to action under §1983. Heck V. Humphrey, U.S. Ind. 1994, 114 S.Ct. 2364

### Response to Thirteenth Defense

State officials do not enjoy immunity from suit under section §14 when the action is brought to compel state officials to perform their legal duties; actions brought to enjoin State officials from enforcing a unconstitutional law. Ross V. Ala, 893 F. Supp. 1545 (M.D. Ala 1995). Defendants acted in "bad faith" & with "willfulness" denying defendants immunity. Ex Parte Davis, 721 So. 2d 685 (Ala 1998)

(9)

### Response to fourteenth Defense

Plaintiff asserts that the allegations within the complaint and facts as will be developed are extremely sufficient to invoke the jurisdiction of court.

### Response to fifteenth Defense

Plaintiff's complaint, amended complaint, answer, and affidavit clearly allege violations of rights secured by the United States Constitution.

### Response to Sixteenth defense

All that is required of a Bill of complaint to withstand dismissal is an averment of facts sufficient to raise a bonafide justiciable controversy between the parties which should be settled. Hartford Accident & Indem Co. V. Oglesby, 293 Ala. 620, 308 So 2d 695 (1975)

### Response to Seventeenth defense

Mental and emotional distress, which include mental suffering and emotional anguish, constitute compensable injury under §1983. Coleman V. Rahija, C.A. 8 (Iowa) 1997 114 F. 3d 778

For Plaintiff to recover for non physical injury under §1983, there is no requirement that defendant's conduct be outrageous or that Plaintiff's injury be extreme. Chatman V. Slagle, C.A. 6 (Ohio) 1997, 107 F. 3d 380

### Response to eighteenth defense

Plaintiff asserts he filed in forma pauperis the way court ordered.

### Response to nineteenth defense

Plaintiff has no knowledge or information sufficient to form a belief as to the truth of this nineteenth defense.

### Response to twentieth defense

The Plaintiff's response to the defendant's twentieth defense is the same as the Plaintiff's response to the defendant's sixteenth defense.

### Response to twenty-first defense

Absolute immunity granted by the Alabama constitution to state officials in their official capacities did not provide them absolute immunity from suit brought by plaintiff under § 1983 for deprivation of federally guaranteed rights. Williams v. Alabama St. Univ., M.D. Ala. 1994, 865 F.Supp. 789

There is a direct link between administrative order, the defendants, and the constitutional deprivation. Order and defendants actions & inactions resulted to the deliberate indifference to Plaintiff's constitutional rights. Order is the moving force behind defendant's actions and the constitutional violation, entitling Plaintiff to relief. Rodriguez v. City of Milwaukee, E.D. Wis 1997, 957 F.Supp. 1055

### Response to twenty-second defense

Plaintiff asserts that the "truth" is the defendants acted in "bad faith" willingly violating Plaintiff's clearly established constitutionally guaranteed rights, denying the Plaintiff liberty without due process of law, and by failing to remedy wrong after learning of deprivation.

### Response to twenty-third defense

Officials are liable under § 1983 when they commit constitutional tort or are personally involved in alleged unconstitutional act. City of Phoenix v. Yarnell, Ariz. 1995, 909 P.2d 377, 184 Ariz. 310

Conduct committed by defendants deprived Plaintiff of rights secured by the federal constitution, defendant's acts were proximate cause of injuries & consequent damages sustained by Plaintiff. Cornish v. Papis, C.D. Ill 1997, F.Supp. 1103

### Response to twenty-fourth defense

Defendants denied Plaintiff liberty without due process of law, after learning of violation, failed to remedy the wrong and can not escape liability by denying personal involvement. Wright v. Smith cA 2 (N.Y.) 1994, 21 F.3d 496

(11)

### Response to twenty-fifth defense

State law that immunizes conduct otherwise subject to suit under §1983 is preempted by the Supremacy Clause of the Federal constitution. Silva v. University of New Hampshire D.N.H. 1994, 888 F. Supp. 293

### Response to twenty-sixth defense

Plaintiff asserts that his claims are not to be premised upon respondeat superior theory, AND if they were and are, Plaintiff asserts that Supervisory Official is liable for constitutional violations under §1983 IF he directly participated in violation, failed to remedy violation after learning of it, allowed custom to continue after learning of it, and was grossly negligent in supervising subordinates. Sealey v. Giltner. C.A.2 (N.Y.) 1997, 116 F.3d 47. Hayes v. Sweeney, W.D.N.Y. 1997, 961 F. Supp. 467

### Response to twenty-seventh defense

Plaintiff's response to this defense is the same as his response to 12th defense.

### Response to twenty-eighth defense

Plaintiff asserts that complaint is not frivolous and is not filed to harass or intimidate defendants. Defendants knowingly broke the law, denying Plaintiff liberty without due process, violating clearly established rights of the Plaintiff, failed to remedy wrong after learning of it, and allowed deprivation to continue, causing substantial harm, injuries, and damages to Plaintiff, entitling him to relief under §1983.

Done this 1st day of August, 2006.

7/30/06
My Commission Expires 8-7-2007
*[signature]*

Respectfully Submitted,
*[signature]*
Jason J. McDonnell
Plaintiff.
901 E. Main St.
Dothan, AL 3630[?]

(12)

Plaintiff,
Jason J. McDonnell
901 E. Main St
Dothan, AL 36301

## Certificate of Service

I, Jason J. McDonnell, do hereby certify that I have served a copy of the foregoing upon Gary Sherrer, Attorney for the defendants, 335 W. Main St. Dothan, Alabama 36301, by placing a copy of same in the United States Mail, Postage paid and properly addressed on this 1st day of August, 2006.

Jason J. McDonnell
901 E. Main St.
Dothan, AL 36301

7/31/06
My Commission Expires 8-7-2007

(13)